**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 24-105** |
| **v.** | * | **SECTION: "D"(1)** |
| **RYAN J. HARRIS**<br>**JOVANNA R. GARDNER** | * | |

* * *

**ORDER**

Considering the foregoing Consent *Motion for Protective Order Governing Use of Protected Material* filed by the United States of America, and the reasons set forth therein,

**IT IS ORDERED** that the government's motion is **GRANTED.**

**IT IS FURTHER ORDERED** and that discovery provided by the parties shall be subject to the following conditions:

1. "Protected Material" in this Order consists of documents, material, information or other matter that contain personal identifying information, sensitive information, grand jury materials, or other confidential information, oral or written, related to third parties. Protected Material also includes information subject to any other protective order. Protected Material shall not include documents and information that were already in the possession of a defendant, or any company or entity owned or under the control of a defendant at the time material was produced to the United States by a defendant outside of the discovery process.

2. Where necessary, the United States and defense counsel may, provide discovery, including Protected Material, to the opposing party without redaction. Defense counsel and the defendants shall not use the Protected Material for any purpose other than preparing a defense to this matter. The United States shall use the Protected Material consistent with pertinent law. The

parties shall disclose the Protected Material under circumstances that ensure that the Protected Material are not improperly disclosed in violation of this Order.

3. The Protected Material shall remain in the possession and custody of counsel for the defendants until the litigation has concluded or this matter has been otherwise resolved.

4. Subject to the limited exceptions specified in Paragraph 5 below, no persons other than the attorneys of record for the defendants, consulting attorneys, retained experts, retained vendors, support staff at the law firms retained to represent the defendants, and the defendants themselves in the preparation of their defense may possess or see the Protected Material. Individuals in possession of Protected Material shall not share the Protected Material with anyone, unless as specified in Paragraph 5.

5. In the course of investigating and preparing their cases, should defense counsel or the United States determine it is necessary to show copies of any Protected Material to persons other than a defendant, consulting attorneys, retained experts, retained vendors, and support staff assisting in the defense or prosecution of this matter, defense counsel or the United States shall: (1) provide such persons with a copy of this Order; and (2) shall instruct such persons that the Protected Material are not to be copied or disseminated. Counsel for the United States and defendants shall also ensure that such persons return all copies of the Protected Material as soon as reasonably practicable following the conclusion of such persons' assistance in this matter.

6. Counsel for the defendants shall also maintain an accurate inventory of all individuals that accessed or reviewed Protected Material. Said inventory shall be disclosed only to the Court for *in camera* inspection and only for the purpose of litigating a claim by the United States that this Order has been violated.

7. Defense counsel will make the Protected Material available to their client for review under circumstances that ensure personal identifying information and references to grand jury matters are not further disseminated to the public. Defense counsel will make any Protected Material included in discovery available for the purpose of preparing for trial of this matter and under circumstances that ensure that the Protected Material is not improperly disclosed in violation of this Order.

8. Prior to including any portion of Protected Material in a public filing, the United States and defendants shall also adhere to the restrictions outlined in Rule 49.1 of the Federal Rules of Criminal Procedure (Privacy Protection for Filings Made with the Court).

9. Disclosure by the United States or defendants to an individual or entity assisting in the prosecution or defense of this matter, including, but not limited to, expert and fact witnesses, consistent with this Order shall be deemed authorized by law and not in violation of 18 U.S.C. § 1905, the Privacy Act of 1974 (5 U.S.C. § 552a, *et seq*.), or Rule 6(e) of the Federal Rules of Criminal Procedure.

10. This Order may be revised by the Court at any time. Nothing in this Order shall preclude either the United States or any defendant, upon a proper showing of cause, from seeking additional discovery from the other party or from conducting an independent investigation of the matter under indictment.

11. This Order does not constitute a ruling on the question of whether any particular material is properly discoverable or is or will be admissible and does not constitute any ruling on any potential objection to the discoverability or admissibility of any material.

New Orleans, Louisiana, this 31st day of May, 2024.

Wendy B. Vitter
HONORABLE WENDY B. VITTER
UNITED STATES DISTRICT JUDGE