UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION |
| VERSUS | NO:    24-105 |
| VANESSA MOTTA | SECTION: "D" (4) |

## ORDER

Vanessa Motta has proposed that she be allowed to work as a paralegal of Motta Law LLC, a single member law firm that was registered with the Louisiana Secretary of State on July 27, 2016. Ms. Motta was indicted on December 6, 2024. *See* R. Doc. 78.

On December 13, 2024, Ms. Motta was suspended on an interim basis for threat of harm by petition of the Office of Disciplinary Counsel. The Supreme Court's order issued on December 13, 2024, provided that Ms. Motta may seek the appointment of a trustee to protect the interests of her clients pursuant to the provisions of Supreme Court Rule XIX, § 27, if appropriate. The Court originally asked counsel to provide a list of cases that could be segregated to allow Ms. Motta to perform paralegal work. However, since the Court requested this information, it began to question whether Motta Law LLC was viable in light of Ms. Motta's suspension. Neither the government nor defense counsel raised this issue before the Court.

In 2002, the Louisiana Supreme Court adopted Rule 5.5e to preclude a disbarred or suspended lawyer from skirting court-imposed disciplinary sanctions by participating in the practice of law in a purportedly paraprofessional capacity such as a paralegal as proposed in this case. *See* Dane S. Ciolino, *Rule 5.5. Unauthorized Practice of Law; Multijurisdictional Practice of Law*, LOUISIANA LEGAL ETHICS (Feb. 1, 2021).

1

Rule 5.5e expressly provides that a lawyer shall not be employed, contracted with as a consult, or engaged as an independent contractor with the any person the attorney knows or reasonably should know is suspended during the period of suspension unless first preceded by the submission of a fully executed employment registration form. The Rule further provides that the information to be provided in this employment registration form is: (1) the identity and bar roll number of the suspended or attorney sought to be hired; (2) the identity of the attorney having direct supervisor responsibility over the suspended attorney; (3) the duties and activities to be assigned to the suspended attorney during the period of employment or association; and (4) the terms of employment of the suspended attorney, including how the suspended attorned would be compensated. The supervising attorney must also provide a statement that includes their consent to random compliance audits to be conducted by the Office of Disciplinary Counsel at any time during the employment, along with a statement by the supervising employing attorney certifying that the order giving rise to the suspension of the proposed employee was provided for their review and that they gave consideration to this order in advance of the suspended attorney's employment. *See* Dane S. Ciolino, *Rule 5.5. Unauthorized Practice of Law; Multijurisdictional Practice of Law*, LOUISIANA LEGAL ETHICS (Feb. 1, 2021).

Upon termination of the suspended attorney, the employing attorney with direct supervisory authority shall promptly serve on the ODC written notice of termination. *See* Rule 5.5 e(1)(ii, -vi) and e(5) (2008). Rule 5.5e also prohibits a lawyer from assisting a person who is not a licensed lawyer in the unauthorized practice of law. *In re Goff,* 837 So. 2d 1201, 1202 (La. 2003) (disciplining a lawyer for assisting "paralegals with their own clientele" in the unauthorized practice of law).

According to documents produced *in camera*, Ms. Motta submitted a Rule 5.5e Employment registration statement through Lionel Sutton, III, on December 13, 2024. This statement advised the Disciplinary Board that Mr. Sutton sought to hire Ms. Motta and that he would assume direct supervisory responsibility over her work at 3632 Canal St., 2nd Floor, New Orleans, 70119. The form indicated that Ms. Motta's duties and activities to be assigned were paralegal or legal assistant duties, that she would be a full-time independent contractor, and that she would be compensated at a reasonable hourly paralegal rate. The address provided for Ms. Motta was the same address as Mr. Sutton: Motta Law LLC, 3632 Canal Street, New Orleans. The only distinction provided on this form is that Mr. Sutton's address references the 2nd floor. Mr. Sutton also agreed to directly supervise Ms. Motta's work in accordance with the rules of the Louisiana Supreme Court and submit to random compliance audits by the ODC anytime during Ms. Motta's employment. In actuality, rather than Mr. Sutton hiring Ms. Motta, Mr. Sutton was hired by Ms. Motta to work as Of-Counsel for Motta Law LLC. A clear misrepresentation to the ODC. In addition to this misrepresentation, the proposed employment arrangement is problematic for three other reasons.

> 1. Mr. Sutton has a law office located at 610 Baronne Street but has agreed to be the supervising attorney for Ms. Motta and supervise her work at Motta Law LLC at 3632 Canal Street. According to the ODC, to be a supervising attorney Mr. Sutton would have to be physically present in the office at Motta Law LLC when Ms. Motta is performing paralegal work. Per disciplinary counsel, Ms. Motta is precluded from having an IOLTA account in her name or Motta Law LLC's name. Further, Ms. Motta must leave Motta Law LLC when Mr. Sutton is not physically present there to supervise her work.

2. By virtue of Ms. Motta's interim suspension, Motta Law LLC is a law firm not authorized to practice law because its sole managing member is suspended. Louisiana Revised Statute 37:213(B)(2) provides that:

> **No natural person**, who has not first been **duly and regularly licensed** and admitted to practice law by the supreme court of this state, no corporation or voluntary association except a professional law corporation organized pursuant Chapter 8 of Title 12 of the Revised Statutes and no partnership or l**imited liability company** except one formed for the practice of law and composed of such **natural persons**, corporations, voluntary associations, or limited liability companies, **all of whom are duly and regularly licensed and admitted to the practice of law.**

In *Cooper v. Texaco, Inc.*, the U.S. Fifth Circuit Court of Appeals considered the conduct of a sole practitioner who was suspended from the practice of law and was the sole member of Strauss & Associate, a professional law corporation. 961 F.2d 71, 72 (5th Cir. 1982). The suspended attorney in *Cooper* hired associates to work cases of his firm. 961 F.2d at 72. This is similar to Ms. Motta's attempt to hire Mr. Sutton in an Of Counsel capacity for her law firm, despite her suspension, rather than having Mr. Sutton hire Ms. Motta to work in his law office as a paralegal.

In *Cooper,* the suspended attorney not only worked beyond paralegal worked but solicited new clients and contingency fee contracts that were entered into with his firm during his suspension. 961 F.2d at 72. He also wrote letters on his professional stationary relating to cases filed in the Eastern District of Louisiana. *Id.* Although the suspended attorney in *Cooper* did not submit any papers to the court under his own name or appear in court, he was found to have violated the Court's suspension order. *Id.* at 71-74.

However, the Court in *Cooper* did not address the issue presently before the undersigned, which is whether a suspended attorney can work in a firm that is not authorized to practice law

4

because it does not have a member who is licensed to practice. While Mr. Sutton is licensed to practice law, he is Of Counsel and not a member of Motta Law LLC, meaning that Motta Law LLC is not authorized to practice law. According to Disciplinary Counsel, Ms. Motta was advised to shut her law firm down because it is not authorized to practice. Even if Motta Law LLC could lawfully operate without a licensed LLC member, problems remain regarding the proposed arrangement.

    **3.** Mr. Sutton is not a suitable supervising attorney to supervise Ms. Motta for several reasons:

According to the record before the Court, Mr. Sutton previously provided legal representation to Sean D. Alfortish, Ms. Motta's fiancé, after serving 28 months in federal prison pursuant to a guilty plea in 2011 for a fraud conspiracy in which he rigged elections of the Louisiana Horsemen's Benevolent and Protective Association. On behalf of Mr. Alfortish, Mr. Sutton filed a lawsuit against Louisiana State Racing Commission and claimed that its leaders were violating their own rules in stalling his bid for a license to own racehorses. This lawsuit was filed by Mr. Sutton in Orleans Parish Civil Court. Given Mr. Sutton's relationship with both Ms. Motta and Mr. Alfortish, who is a codefendant in this case, he is not a suitable supervising attorney.

Further, Mr. Sutton is not a suitable supervising attorney because he was previously suspended from practicing law for taking kickbacks during the BP case before Judge Barbier of this Court. *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010,* No. 12-970, R. Doc. 14221 (E.D. La. Feb. 26, 2015) (Barbier, J.). According to the Court's Opinion, Mr. Sutton received $40,000 in payments from two New Orleans lawyers representing a shrimp claim while he was working as a staff attorney for the settlement program. *Id.* at 2-3. Mr.

5

Sutton deposited the money to a private business account unrelated to his law practice. *Id.* While Mr. Sutton said the fees were from work he did before joining the claims office and that he deposited the money in a private business account to hide money from his wife, Judge Barbier barred Mr. Sutton from representing clients in the Deepwater Horizon spill after he abruptly resigned in June 2013 for being a part of a kickback scheme where he received a secret $40,000 payment. *Id.* at 5-6.

One overarching issue regarding the terms of bond release is always whether the defendant poses a danger to the public. For the reasons assigned above, the Court finds that Ms. Motta presents a danger to the public if she is allowed to work as a paralegal for Motta Law LLC, which is not legally authorized to practice law. Furthermore, given the intertwined relationship of Mr. Sutton, Ms. Motta, and Mr. Alfortish, approving Mr. Sutton as a supervising attorney to work in Motta Law LLC would not decrease the risk to the public but instead increase the risk of further harm to the public. Finally, per discussions with Disciplinary Counsel, Ms. Motta must begin the process of shutting down Motta Law LLC, which is the only viable way to protect the public. *See* 18 U.S.C. § 3142(c)(B)(xiv) (which authorizes conditions that are reasonably necessary to assure the safety of any other person and the community)

Should Ms. Motta seek to work for Mr. Sutton at his law office on Barrone Street, the Court finds that such an arrangement would not mitigate against the risk of fraud or kickbacks from affecting the public.

The Court further notes that Ms. Motta may work as a paralegal for a duly authorized law firm that has members subject to the requirements of rule 5.5e, where an attorney would agree to serve as Motta's supervising attorney subject to the guidelines set forth by Louisiana Professional

6

Rules. Additionally, the Court's finding does not prevent Ms. Motta from seeking any nonlegal work in the community.

Accordingly,

**IT IS ORDERED** that Vanessa Motta, as a condition of bond, is not allowed to work as a paralegal in Motta Law LLC or pursue employment in any capacity for Lionel Sutton or his firm.

**IT IS THEREFORE ORDERED THAT** Vanessa Motta may work as a paralegal for a duly authorized law firm that with licensed members, subject to the requirements of Rule 5.5e, or any nonlegal work in the community.

New Orleans, Louisiana, this 8th day of January 2025.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**