UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA           CRIMINAL ACTION

VERSUS                              NO. 24-105

MOTTA LAW LLC                       SECTION: D (1)

## ORDER

Before the Court is a Motion to Withdraw as Counsel of Record and Seek Substitute Counsel from the Criminal Justice Act Panel, filed by defendant, Motta Law LLC.[1] In the Motion, counsel for Motta Law LLC seeks to withdraw as counsel of record, asserting that Motta Law LLC has no income, owns no assets, "and is therefore indigent and is constitutionally entitled to seek appointed counsel via the Criminal Justice Act panel."[2] Notably, counsel for Motta Law LLC cites no legal authority to support his request.

This Court has recognized that while corporations enjoy the same Sixth Amendment rights as individual defendants,[3] "[t]here is general consensus that CJA funds are not available to fund the defense of an indigent corporations."[4] "Thus,

---

[1] R. Doc. 188.
[2] *Id*. at p. 4. Importantly, there is no suggestion of any conflict of interest between Vanessa Motta and Motta Law LLC which may require separate counsel.
[3] *U.S. v. JB Tax Professional Services,* Civ. A. No. 13-127, 2013 WL 6004047, at *1 (E.D. La. Nov. 13, 2013) (Berrigan, J.) (citing *United States v. Thevis*, 665 F.2d 616, 645 n.35 (5th Cir. 1982)).
[4] *JB Tax*, Civ. A. No. 13-127, 2013 WL 6004047 at *1 (citing *In re Grand Jury Proceedings*, 469 F.3d 24, 26 (1st Cir. 2006); *United States v. Hartsell*, 127 F.3d 343, 350 (4th Cir. 1997); *United States v. Unimex, Inc.*, 991 F.2d 546, 550 (9th Cir. 993); *United States v. Rivera*, 912 F. Supp. 634, 637 (D.P.R. 996); *United States v. Johnson*, Civ. A. No. 98-276, 1999 WL 569528, at *3 (E.D. La. Aug. 3, 1999) (Sear,J.)). *See U.S. v. Burk*, Civ. A. No. EP-14-CR-240-DCG, 2014 WL 2800759, at *5 (W.D. Tex. June 18, 2014) (Guaderrama, J.) (concluding that, "the CJA is most appropriately understood as an administrative act that seeks only to ensure the compensation of attorneys appointed pursuant to the Sixth Amendment. Because the Sixth Amendment does not permit the appointment of publicly-funded counsel to corporate defendants neither can the CJA; thus, the CJA provides the Court with no independent authority to appoint counsel not authorized by the Sixth Amendment.").

corporations have a right to counsel, but no right to appointed counsel, even if they cannot afford to retain their own."[5]  Further, the United States District Court for the Eastern District of Louisiana's Revised Plan of April 2024 For Furnishing Representation Pursuant to The Criminal Justice Act of 1964 (18 U.S.C. § 3006A) specifies that, "Representation shall be provided for any financially eligible *person*."[6]  It also specifies that, "Counsel shall be provided to eligible *persons* as soon as feasible after they are taken into custody, when they appear before a magistrate judge or judge, when they are formally charged or notified of charges if formal charges are sealed, or when a magistrate judge or judge otherwise considers appointment of counsel appropriate under the CJA, whichever occurs earliest."[7]  This language supports the notion that CJA funds are not available to fund the defense of indigent corporate entities.

That said, the Court recognizes that it may, in some circumstances and in the interest of justice, have the authority to appoint counsel for an unrepresented corporation.[8]  The Court does not find such circumstances present in this case.  While counsel for Motta and Motta Law, LLC advises that Motta Law, LLC "does not own property or assets, has zero equity, and was merely a professional organization

---

[5] *JB Tax*, Civ. A. No. 13-127, 2013 WL 6004047 at *1 (quoting *Unimex*, 991 F.2d at 550) (internal quotation marks omitted).
[6] Paragraph IV.A.1 (emphasis added).
[7] Paragraph IV.B.
[8] *See Naranjo v. Thompson*, 809 F.3d 793, 802 (5th Cir. 2015) ("Indeed, multiple districts in this circuit have recently held that courts possess inherent power to appoint counsel for an insolvent corporate criminal defendant, even though the Sixth Amendment and Criminal Justice Act do not authorize such appointments.  *United States v. Burk*, No. EP-14-CR-240-DCG, 2014 WL 2800759, at *9–13 (W.D. Tex. June 18, 2014); *United States v. JB Tax Pro. Servs., Inc.*, No. 13-127, 2013 WL 6004047, at *5 (E.D. La. Nov. 13, 2013).").

created to facilitate an individual, Vanessa Motta, to practice law, which she is no longer allowed to do,"[9] counsel provides information about the steps taken by Vanessa Motta to inform "current clients" of her interim suspension by the Louisiana Office of Disciplinary Counsel, seemingly acknowledging that Motta Law LLC had clients in December 2024.[10]  Indeed, counsel advises that Motta "worked around the clock" to have another attorney associate with the firm, take over all cases, and allow Motta to continue to work as a paralegal for Motta Law LLC.[11]  Further, and importantly, the Court is unable to reconcile that the "professional organization created to facilitate an individual, Vanessa Motta, to practice law"[12] does not have the funds to hire an attorney to represent it, yet the individual attorney who the professional organization was created for has the funds to retain private counsel.  Finally, as previously noted, there is no conflict of interest and the interests of Vanessa Motta and Motta Law LLC are aligned, further solidifying that the same attorney would appropriately be able to defend both in a trial.  The Court finds it unnecessary to respond to counsel's statement that, "based solely on an unproven indictment, the state and federal government have destroyed Motta Law LLC, making it impossible for it to facilitate the generation of any future income or cases."[13]

---

[9] R. Doc. 188 at p. 3.
[10] *Id.* at pp. 1–2.
[11] *Id.*
[12] *Id.* at p. 3.
[13] *Id.* at p. 4.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Withdraw as Counsel of Record and Seek Substitute Counsel from the Criminal Justice Act Panel (R. Doc. 188) is **DENIED.**

New Orleans, Louisiana, February 20, 2025.

*[signature: Wendy B Vitter]*
**WENDY B. VITTER**
**United States District Judge**